UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KATHY ARMSTRONG OWENS                                                            PLAINTIFF

V.                                                         CIVIL ACTION NO.1:09CV116-JAD

LEE COUNTY, MISSISSIPPI and
SHERIFF JIM H. JOHNSON                                                          DEFENDANTS

## MEMORANDUM OPINION

The defendants Lee County, Mississippi, and Sheriff Jim H. Johnson have moved for summary judgment asserting that there are no disputes of material fact, that the plaintiff lacks proof of all the essential elements of her case, and that they are entitled to judgment as a matter of law (Doc. 84). The plaintiff has filed a response in opposition and both sides have submitted various depositions and documents in support of their positions.

## SUMMARY JUDGMENT STANDARDS

Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Rule 56(e) Fed.R.Civ.P. requires that materials supporting or opposing the motion be admissible at trial. Material that would be inadmissible cannot be considered on a motion for summary judgment since it would not establish a genuine issue of material fact.

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323(1986)). If the party with the burden of proof cannot

produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald,* 893 F.2d 787, 793(5th Cir. 1990).

The moving party must make an initial showing that there is no dispute of material fact or that there is a failure of proof of an element of the claim. If this showing is made, the nonmoving party must go beyond pleadings and submit specific evidence showing that there are one or more genuine issues of fact to be resolved by trial. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(emphasis omitted). While all facts are considered in favor of the nonmoving party, including all reasonable inferences therefrom, *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995), the nonmovant's burden, " is not satisfied with 'some metaphysical doubt as to the material facts,'" *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356, by 'conclusory allegations,' *Lujan,* 497 U.S. at 871-73, 110 S.Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir. 1994)." *Little,* 37 F.3d at 1075.[1] A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Summary judgment is appropriate if "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir. 1993). If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted.

---

[1] Quoting from *Matsushita Electric Indus.Co. v. Zenith Radio Corp.,* 475 U.S. 574,(1986) and *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990).

These standards have been applied in evaluating the evidence of record in support of and opposition to the motion for summary judgment.

ANALYSIS

The defendants first assert that Sheriff Jim Johnson is not liable, individually, in this action. Johnson asserts that he was not present in the jail at the time of the jailing of the plaintiff and the incident in which she was injured. The plaintiff's response does not challenge these assertions either as to the facts nor as to the legal import. The sheriff has no liability in his personal capacity.

In order to establish liability against the sheriff and county, the plaintiff must make a prima facie showing that the some policy or custom of the county was a "moving force" in the deprivation of her constitutional rights. *Monell v Dept. of Social Services*, 436 U.S. 657, 694 (1978). Owens makes several claims regarding the violation of her constitutional rights, beginning with failure to protect her from the attack of another inmate/detainee at the county jail.

According to Owens' proof, she was picked up by several bail bondsmen on a charge stemming from her failure to appear at court on a misdemeanor criminal charge. She was taken to the Lee County jail and placed in a large holding cell with approximately 35 other women. One of these women, a Tameka Garth, purportedly attacked Owens without any provocation, resulting in serious injuries to Owens. Owens claims that she told one of the officers that Garth had threatened her before she was attacked.[2] According to Owens, two officers reported to the holding cell after she was attacked. Owens was placed in a cell and Garth in a restraining chair. After an hour, in

---

[2] The officers involved denied that they were told of any threats before the attack. They also deny that Owens had any visible injuries. They testified that Owens, in response to their questions, denied that she needed any medical attention.

spite of her pleas to let her remain separated from her attacker, she was forced to return to the holding cell. Thereafter she says Garth threatened her again, but there was no further violence.

While Owens' testimony if accepted by a jury could support a finding that one or more officers on the scene were deliberately indifferent to a known serious risk to her safety and violated her rights in failing to protect her from the attack by Garth, the plaintiff has failed to identify any policy or custom of the county that was a moving force in the alleged constitutional violation. Johnson testified that it was possible to separate women if there was trouble and that officers were vested by policy with a certain amount of discretion in deciding what was necessary to prevent violence. There has been no showing of any policy or custom that lead to the alleged failure to protect Owens from Garth's attack.

Owens also testified that she sustained obvious injuries and requested medical attention. She claims the officers refused to provide her with needed medical care. Owens again fails to show any policy or custom that was a moving force in causing this purported deprivation of medical care. The officers testified that it is the policy of Lee County for inmates to be provided with medical care and that the officers do not have the authority to decide whether or not an inmate will be provided with medical care. According to the plaintiff's memorandum Jim Johnson testified that the officers were vested with discretion to determine when medical staff was to be alerted to a request for medical care. The section of the deposition referred to in the memorandum is not attached, but this testimony does not establish any policy that is a moving force in any denial of medical care. This testimony merely establishes that the officers on the scene were vested with some discretion to determine if there was a bona fide medical emergency requiring either alerting of on-call staff or requiring emergency transport to a local hospital. The failure to adopt a policy of providing immediate access

on demand to medical professionals on a 24/7 basis does not constitute deliberate indifference to the serious medical needs of inmates or pretrial detainees.

Owens claims that there has been a failure to train the officers. One of the officers had worked with the Mississippi Department of Corrections for seven years and possessed all state required certifications prior to working for Lee County. He also went through a refresher course with the Lee County Sheriff's Department to familiarize himself with their policies. The other officer went through training and received the state required certifications within the time limits established by the state. There is no proof that either of these officers were inadequately trained much less that it is the policy of the county and the sheriff to routinely place inadequately trained personnel in its jails. Lee County in fact runs a training facility, not only for its own employees, but for other law enforcement agencies to provide the training required for state law enforcement certifications.

Finally though the plaintiff's complaint makes no mention of this claim, Owens asserts that her constitutional rights were violated because she slept on a pad on the floor during her short stay. There is no testimony from the plaintiff about her sleeping on the mat but the evidence will support an inference that Owens spent the night on some type of pad on the floor of the holding cell. There is no testimony or evidence about the adequacy or inadequacy of the pads supplied. There is no proof of any policy or custom of Lee County relating to inmates sleeping on pads on the floor. The plaintiff cites cases from other jurisdictions as authority for the proposition that the failure to provide mattresses is a violation of a pre-trial detainee's rights because it amounts to punishment. These cases are not binding precedent, nor does the court does not read them as supporting the plaintiff's proposition. Each of these cases is factually distinguishable from this case.

Under applicable Fifth Circuit precedent it is clear that Owen has not made a sufficient showing of unconstitutional conditions. Overcrowded conditions are not *per se* unconstitutional, *Collins v. Ainsworth,* 382 F.3d 529 (5th Cir. 2004), nor is the use of some type of bedding on the floors a *per se* constitutional violation of a pretrial detainee's rights. *Id.* at 540. (Failure to provide mattresses and phone calls during an overnight stay did not rise to the level of punishment of pre-trial detainees); *Desroche v. Strain*, 507 F. Supp. 2d 571 (E.D. La. 2007) (Pre-trial detainee required to sleep on the floor without a mattress in an overcrowded holding tank for ten days. Only available water was from a dirty sink. No constitutional violation found); *See also, Hubbard v. Taylor*, 538 F.3d 229 (3rd Cir. 2008)(Requiring pretrial detainees to sleep on mattresses on the floor for periods of 3 to 7 months did not violate their due process rights); *Brookings v. Williams,* 402 F. Supp. 2d 508 (D. Del 205) (Forcing pretrial detainee to sleep on the floor without a mattress next to the toilet for five days due to overcrowding was not punishment or a due process violation).

The plaintiff has failed to present *prima facie* proof that any policies or practices in Lee County or the defendant Johnson resulted in any of the alleged deprivations of her constitutional rights. The defendants are entitled to judgment as a matter of law. The motion for summary judgment is granted. A separate judgment shall be entered in this matter.

This the 13th day of July, 2010.

/s/ JERRY A. DAVIS  
UNITED STATES MAGISTRATE JUDGE